The plaintiffs, as assignees of a certain mortgage made by the defendant, Flemming, to his co-defendant, the Western N.C. (483) Railroad, demands, that after taking an account to ascertain the indebtedness of Flemming to the road, the lands embraced in the mortgage be sold, and the balance, after paying said debt, be applied to the satisfaction of their debts against the road.
The defence set up by the road to this action, is fully set out in the opinion of Chief Justice PEARSON. The plaintiffs demurrer to the answers, which was overruled by his Honor, and judgment given for defendants. From this judgment, plaintiffs appealed.
"An officer de facto is one who has the reputation of being the officer he assumes to be, and yet is not a good officer in the point of law." See Lord ELLENBOROUGH, in the King v. the Corporation of Bedford.
He may be an officer de facto "though indisputably ineligible." Though the office is not vacant; though there is an existing officer de jure at the time.
"The acts of an officer de facto are good wherever they concern a third person who had a previous right to the act, or who paid a valuable consideration for it."
A person in office without even the form of an election, might be a de facto officer, and all his acts would bind the corporation, (484) unless the act of incorporation or general statute law avoided them."
All the above cases and authorities are found in Angel Ames on Corporations, sec. 287, p. 319, 5th edition. See, also, Bacon's Abrid., tit. Corporations, 2, 6; Angel Ames on Corporations, pp. 124 and 125.
Pending an action in the Superior Court, the purpose of which was to have it decided, whether the "Tate board" or the "Howerton board" were entitled to the office, Tate, who held the office as President de facto, assumes to himself the right to make preferences among the creditors of the Company, and assigns to the plaintiffs a valuable security belonging to the Company, as a collateral security for their debts, and this is done a very short time before the decision in *Page 393 Howerton v. Tate was announced, 68 N.C. 546. It is true, that for the ordinary purposes of the Company, and in order to keep the machinery in motion, a de facto President will be recognized as having power to act; for instance, his contracts for a supply of wood or to engage conductors and hands on the road are held to be valid. But the idea that a de facto
President of a Railroad Company, on the eve of his departure, by judgment of the Court, can anticipate and make distribution of the funds of the Company to such creditors of the Company as he may elect to give preference to, is a proposition that needs no discussion.
There is no error. Judgment in the Court below affirmed, with the modification: "it is further ordered, that the plaintiffs, Walker and Simonton deliver to the Clerk of the Superior Court for the county of Burke, the papers purporting to be an assignment of the mortgage set out in the pleadings to the end that the papers be cancelled so as to remove any cloud from the title of the Railroad Company in respect to the mortgage. (485)
PER CURIAM. Judgment accordingly.
Sloan v. McDowell, 71 N.C. 359.